THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, *v.* JENNIE VARONE, Defendant.

County Court, Queens County, November 6, 1950.

*Sydney Rosenthal* for defendant.

*Charles P. Sullivan, District Attorney (Henry W. Schober* of counsel), for plaintiff.

*Louis Steinberg* and *Max Blau* for United States Department of Justice, Immigration and Naturalization Service.

Downs, J.   This is a motion made in behalf of the defendant for an order amending *nunc pro tunc* the sentence imposed upon the defendant February 24, 1949, so that it will now include a recommendation by the sentencing judge to the Secretary of Labor that the above defendant shall not be deported pursuant to the Act of February 5, 1917.   (U. S. Code, tit. 8, § 155.)

This is a most unusual motion and has caused this court great concern.   I have examined every decision which has been cited to me in the splendid memoranda which have been submitted in behalf of the defendant and in behalf of the People and in behalf of the United States Department of Justice.

I will frankly admit that at the time of sentencing I had never heard of this statute and am confident I am not alone among the judiciary of the State of New York.   At the time I sentenced this woman, I intended that the sentence then pronounced by me would amply justify the ends of justice and that when this defendant had served the term imposed she would have made proper reparation to the State of New York for her offense.

It is my opinion now that the additional penalty this Federal statute creates would work an unusual hardship upon the defendant herein, and I say this even though I am aware the decisions of the lower Federal courts are opposed to my opinion. I think this is a good opportunity to have this matter finally tested and decided by the Supreme Court of the United States, which I feel confident will result from my opinion herein.

It is my opinion that criminal statutes were never intended to impose unusual or uncontemplated hardships upon any defendant, as would be created by the unusual hardship in this case, the exact circumstances of which are unnecessary for me to outline in this decision.

I, therefore, solely in the interest of humane justice and to relieve this defendant of an unusual hardship, grant the motion. The motion, therefore, is in all respects granted.

Submit an order with notice of settlement to the District Attorney of Queens County and to the United States Department of Justice, Immigration and Naturalization Service, 70 Columbus Avenue, New York 23, N. Y.